UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEVON VIYALE WALKER, | Case No. 2:22-cv-00463-JDP (PC) |
| Plaintiff, | ORDER: |
| v. | (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| K. GRETHER, *et al.*, | |
| Defendants. | (2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| | ECF Nos. 3 & 6 |
| | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL, OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that he ingested an unidentified metal or plastic object while eating a prison meal. ECF No. 1 at 6. His complaint, which lists over twenty-five defendants, does not comply with Rule 8 of the Federal Rules of Civil Procedure. I will give leave to amend before recommending this action be dismissed. Plaintiff has also filed an application to proceed *in forma pauperis*, which I will grant, and a motion for appointment of

1  counsel, which I will deny.  ECF Nos. 3 & 6.

2  **Screening Order**

3  **I.        Screening and Pleading Requirements**

4  A federal court must screen a prisoner's complaint that seeks relief against a governmental

5  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

6  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

7  claim upon which relief may be granted, or seeks monetary relief from a defendant who is

8  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9  A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26  ////

27  ////

28  ////

## II.     Analysis

Plaintiff alleges that, on April 22, 2018, while incarcerated at High Desert State Prison, he ingested a sharp object, which lodged in his intestines. ECF No. 1 at 6. The remainder of the complaint is primarily devoted to describing his interactions with the prison healthcare system and its inability to cure him. Plaintiff, to his credit, does mention all the named defendants in the body of the complaint. Where his pleading falls short is in explicitly alleging how each violated his constitutional rights. By way of example, defendant Angila is alleged to be a nurse at Susanville Banner Medical Center. *Id.* at 11. Plaintiff claims that, at intake, she gave him some forms to sign and convinced him that a blood sample would be necessary for treatment. *Id.* at 11-12. It is not obvious how these simple acts violated plaintiff's rights. Plaintiff's specific claims against other defendants are similarly difficult to grasp. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must give notice of the claims against the opposing parties so that they may defend themselves effectively. *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Perhaps recognizing his failure to assert specific claims against each defendant, plaintiff finishes his complaint by alleging that all listed defendants "knew or should have known that these actions and inactions could cause serious and permanent damage." ECF No. 1 at 20. This broad summation is insufficient to save the complaint. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (a "single, broad allegation" against all defendants was insufficient under Rule 8). I will give plaintiff a chance to amend his complaint and to explain how each named defendant violated his rights.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will

recommend that this action be dismissed.

**Motion to Appoint Counsel**

Plaintiff has requested that I appoint counsel for him because he is unable to afford one and his imprisonment will hamper his ability to litigate this action.  ECF No. 3.  He does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  I may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, I will do so only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  The allegations in the complaint are not exceptionally complicated.  Further, plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 3, is denied without prejudice.

I may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

2.  Plaintiff's motion for appointment of counsel, ECF No. 3, is DENIED without prejudice.

3.  Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed for the reasons stated in this order.

4.  Failure to comply with this order may result in the dismissal of this action.

5.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.


Dated:   June 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5