UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEVON VIYALE WALKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. GRETHER, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-00463-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 15<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff, a state prisoner, brings numerous, factually separate allegations against more than twenty defendants. Thus, his amended complaint, like its predecessor, does not comply with Rule 8 of the Federal Rules of Civil Procedure. I will give plaintiff one final chance to amend before recommending dismissal of claims and parties.

**Screening Order**

**I.　　Screening and Pleading Requirements**

　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

1

1  claim upon which relief may be granted, or that seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20  **II.     Analysis**

21  Plaintiff's complaint contains multiple, unrelated claims against more than one defendant.
22  First, he alleges that defendant Nystrom, a correctional officer, has harassed him for two years
23  because of grievances plaintiff filed against him. ECF No. 15 at 5.  Second, plaintiff alleges that
24  defendants Jones and Grether wrongfully housed him on a special needs yard, even though he
25  should have been classified as a general population inmate.  *Id.* at 9.  Third, he alleges that
26  Plaintiff alleges that, on April 22, 2018, he ingested a sharp object that lodged in his intestines.
27  *Id.* at 10.  He alleges that defendants Hernandez, Fehr, and Clifford conspired to ensure that the
28  object was placed in his food.  *Id.*  Plaintiff goes on to claim that defendant Ginny denied him

adequate medical care for the object lodged in his intestines. *Id.* at 12. Multiple, unrelated claims against more than one defendant belong in separate lawsuits. See Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). These various claims involve different facts and defendants and are not sufficiently related to proceed in the same lawsuit.

Plaintiff may amend his complaint to include only related claims. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that claims or parties be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter I may dismiss claims or parties so that only related claims proceed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   October 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3