1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOEVON VIYALE WALKER,                    Case No.  2:22-cv-0463-WBS-JDP (P)

12                    Plaintiff,

13           v.                                 FINDINGS AND RECOMMENDATIONS

14    K. GRETHER, *et al.*,

15                    Defendants.

16

17           Plaintiff Joevon Walker, a state prisoner proceeding pro se, brings this case alleging a

18    violation of his Eighth Amendment right to be free from cruel and unusual punishment.  He

19    alleges that defendants D. Clifford, B. Fehr, and H. Martinez, correctional officers, conspired to

20    ensure that he would receive a food tray that was contaminated with a sharp object, resulting in

21    plaintiff inadvertently swallowing the object.  Defendants move for summary judgment.  I

22    recommend granting defendants' motion.

23                                      **Background**

24           In his second amended complaint, plaintiff alleges that on April 22, 2018, he swallowed a

25    sharp object that had been hidden in his food.  ECF No. 20 at 6-7.  He alleges that defendants

26    knowingly contributed to plaintiff receiving the contaminated food tray containing the sharp

27

28

                                              1

1    object.  *Id.* at 6.  Plaintiff alleges that he has experienced pain and suffering and that the foreign

2    object is still in his body.  *Id.* at 6; ECF No. 47 at 18.

3        At his deposition, plaintiff testified that each defendant was part of a conspiracy to ensure

4    that plaintiff received the particular tray of contaminated food.  Specifically, he testified that he

5    observed the following actions: Martinez opened plaintiff's cell door first, making plaintiff the

6    first person to choose a food tray; Fehr held one of two food carts away from plaintiff, leading

7    plaintiff to choose from the cart that contained the alleged contaminated tray; and Clifford sat

8    facing away from plaintiff after bring in the food cart, which plaintiff believed was an attempt to

9    hide his identity.  ECF No. 42-7 at 26, 29, 36.

10       The undisputed facts reflect that defendants are not involved in food preparation, or in

11   supervising the food preparation process.  ECF No. 47 at 18.  Each defendant filed a declaration

12   attesting that inmates choose their own food trays, that defendants were unaware of any

13   tampering or sharp object at the time of the alleged incident, and that they only learned of this

14   grievance when this suit was filed.  ECF No. 42-3 at 2 (defendant Fehr); ECF No. 42-4 at 2

15   (defendant Martinez); and ECF No. 42-5 at 8 (defendant Clifford).  Plaintiff acknowledged in his

16   deposition that he selected his own tray, and that he did not know whether defendants had actual

17   knowledge of the alleged contamination.  ECF No. 42-7 at 7-8, 10, 12.  The undisputed evidence

18   shows that plaintiff has undergone multiple medical examinations since 2018, including X-rays,

19   CT scans, upper GI series, and an abdominal ultrasound, all of which either were negative for the

20   presence of a foreign object lodged inside of plaintiff or showed that plaintiff's organs were

21   functioning normally, aside from the initial diagnosis in 2018 that plaintiff may have experienced

22   discomfort due to gastritis.  ECF No. 42-7 at 34.

23                              **Legal Standard**

24       **A.    Summary Judgment**

25       Summary judgment is appropriate where there is "no genuine dispute as to any material

26   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington*

27   *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

28   only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

1    while a fact is material if it "might affect the outcome of the suit under the governing law."

2    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818

3    F.2d 1422, 1436 (9th Cir. 1987).

4            Rule 56 allows a court to grant summary adjudication, also known as partial summary

5    judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.

6    *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule

7    56 authorizes a summary adjudication that will often fall short of a final determination, even of a

8    single claim . . . .") (internal quotation marks and citation omitted).  The same standards apply to

9    both a motion for summary judgment and a motion for summary adjudication.  *See* Fed. R. Civ.

10   P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

11           Each party's position must be supported by (1) citations to particular portions of materials

12   in the record, including but not limited to depositions, documents, declarations, or discovery; or

13   (2) argument showing either that the materials cited do not establish the presence or absence of a

14   genuine factual dispute or that the opposing party cannot produce admissible evidence to support

15   its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider

16   materials in the record not cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P.

17   56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see*

18   *also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

19           "The moving party initially bears the burden of proving the absence of a genuine issue of

20   material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the

21   moving party must either produce evidence negating an essential element of the nonmoving

22   party's claim or defense or show that the nonmoving party does not have enough evidence of an

23   essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*

24   *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this

25   initial burden, the burden then shifts to the non-moving party "to designate specific facts

26   demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d

27   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than

28   the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

1  U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material

2  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to

3  require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec.*

4  *Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

5        The court must apply standards consistent with Rule 56 to determine whether the moving

6  party has demonstrated there to be no genuine issue of material fact and that judgment is

7  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

8  "[A] court ruling on a motion for summary judgment may not engage in credibility

9  determinations or the weighing of evidence."  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.

10  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the

11  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

12  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

13  198 F.3d 1130, 1134 (9th Cir. 2000).

14        **B.**    **Eighth Amendment**

15        The Eighth Amendment prohibits cruel and unusual punishment, and "protects prisoners

16  not only from inhumane methods of punishment but also from inhumane conditions of

17  confinement."  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v.*

18  *Brennan*, 511 U.S. 825, 847 (1981) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Prison

19  officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,

20  sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

21  2000).  However, "routine discomfort inherent in the prison setting" does not rise to the level of a

22  constitutional violation.  *Id.*  While conditions of confinement may be, and often are, restrictive

23  and harsh, they must not involve the wanton and unnecessary infliction of pain.  *Morgan*, 465

24  F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

25        A prison official violates the Eighth Amendment only if two requirements are met: (1) the

26  deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses

27  a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. at 834.  In prison-conditions

28  cases, the requisite state of mind to establish an Eighth Amendment violation is one of deliberate

4

1    indifference to inmate health or safety. *Id.* A prison official is deliberately indifferent if he

2    knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to

3    take reasonable steps to abate it. *Id*. at 837, 844. The official must both be aware of facts from

4    which the inference could be drawn that a substantial risk of serious harm exists, and draw the

5    inference. *Id.* at 837. "If a prison official should have been aware of the risk, but was not, then

6    the official has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v.*

7    *Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004), quoting *Gibson v. County of Washoe, Nevada*, 290

8    F.3d 1175, 1188 (9th Cir. 2002).

9                                           **Analysis**

10        Plaintiff argues that defendants' motion for summary judgment should be denied, listing

11    fourteen disputed facts. ECF No. 47 at 10. The fourteen identified issues pertain to: defendants'

12    actions on the day of the alleged incident, whether it was possible for defendants to "preplan

13    which tray will be taken by which inmate," and whether Fehr was interviewed about the relevant

14    complaint and another one filed by plaintiff alleging contaminated food. *Id.* Defendants argue

15    that plaintiff has not met his burden to sustain an Eighth Amendment claim. ECF No. 42-1 at 6.

16    Specifically, they argue that plaintiff has failed to provide evidence to show that he swallowed a

17    foreign object, or that defendants caused him any injury, as is required to prove a claim for

18    deliberate indifference to his safety. *Id.* Additionally, defendants assert that they are entitled to

19    qualified immunity. *Id.*

20        The parties dispute the specific actions by defendants that would have contributed to the

21    alleged incident, the feasibility of the alleged conspiracy, and specifics of the investigations into

22    plaintiff's complaints, but there is no genuine dispute whether plaintiff suffered harm.

23    Accordingly, summary judgment for defendants is appropriate.

24        To state a condition of confinement claim, plaintiff must demonstrate that defendants'

25    actions caused him injury. *Farmer*, 511 U.S. at 834. Plaintiff states that he experienced pain and

26    suffering due to a foreign object lodged in his body. ECF No. 20 at 6. However, the Ninth

27    Circuit has held that "uncorroborated and self-serving testimony," without more, will not create a

28    "genuine issue" of material fact precluding summary judgment. *See Villiarimo v. Aloha Island*

                                              5

1   *Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  A "conclusory, self-serving affidavit, lacking

2   detailed facts and any supporting evidence, is insufficient to create a genuine issue of material

3   fact." *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2010) (citation omitted).  And

4   here, under Federal Rules of Evidence 701, plaintiff, a layperson, may not offer medical opinions

5   or conclusions based on his symptoms.  Plaintiff's presents his own opinion that there is a foreign

6   object lodged inside his abdomen and that he suffered injuries from swallowing that object; these

7   allegations are unsupported by any medical evidence.  *See Williams v. Rodriguez*, 1:09-cv-01882-

8   LJO-GSA-PC, 2012 WL 2339742, at *7 (E.D. Cal. June 19, 2012) (finding prisoner's "subjective

9   impression" that he suffered from arsenic poisoning, without medical diagnosis, insufficient to

10  support a condition of confinement claim).  Indeed, the undisputed evidence shows that plaintiff

11  has undergone at least five medical examinations, including x-rays and CT scans, each of which

12  either did not find a foreign object inside plaintiff or did not find injuries caused by a foreign

13  object.  ECF No. 42-7 at 34.

14          Plaintiff argues that the results of his multiple medical exams are "faulty" and that

15  diagnostic images, rather than the written reports from medical staff, will prove his injury.  ECF

16  No. 47 at 16-17.  As a layperson however, plaintiff is not trained and qualified to diagnose

17  medical conditions, assess medical test results, or decide the appropriate format for medical

18  diagnoses.  Plaintiff is not a physician or medical expert and has alleged no facts showing that he

19  is otherwise qualified to opine on whether he suffered injuries from ingesting a foreign object.

20  *Drake v. Kernan*, No. 1:17-cv-01500-NO DJ-SAB (PC), 2024 WL 663649, at *13 (E.D. Cal. Feb.

21  16, 2024) (finding summary judgment for the defendant on prisoner's food poisoning claim

22  where there was no indication the plaintiff was "qualified to opine on whether he suffered from a

23  food borne illness"); *Van Buren v. Diaz*, No. 1:13-cv-00516-MSJ (PC), 2013 WL 3773870, at *3

24  (E.D. Cal. July 17, 2013) (prisoner failed to state deliberate indifference claim where pleadings

25  did not reflect that the plaintiff was "trained and qualified to make such a diagnosis").

26          Moreover, even if the court were to accept plaintiff's account of injury, the record does

27  not reflect that this incident is significant enough to establish an Eighth Amendment claim.

28  Although the Eighth Amendment protects against cruel and unusual punishment, this does not

mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" *Id.* (quoting *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986)); *see also Robinson v. Danberg*, 673 F. App'x 205, 213 (3d Cir. 2016) (finding prisoner's condition of confinement claim alleging two pieces of metal in his food did not "amount to a substantial deprivation, or anything more than temporary distress"); *Hawkins v. Marin Cnty. Jail Com'r,* No. C 01-3288 SI (PR), 2002 WL 73227, at \*1-2 (N.D. Cal. Jan. 15, 2002) (finding three instances of foreign objects in prisoner's food to be "simply de minimis inconveniences and not constitutional violations"). In sum, plaintiff's allegations fall short of the Eighth Amendment's prohibition of "unnecessary and wanton infliction of pain." *Morgan*, 465 F.3d at 1045.

Because plaintiff has failed to carry his burden on whether he suffered any harm, the court need and will not address defendants' remaining arguments.

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion for summary judgment, ECF No. 42, be GRANTED.

2. Judgment be entered in defendants' favor and against plaintiff.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 11, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE